

UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:14CR55

MUSTAFA MUHAMMAD

### MEMORANDUM OPINION

Mustafa Muhammad, a federal prisoner proceeding pro se, has filed a Motion for a New Trial (ECF No. 74) and a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF No. 90). This matter is before the Court on Muhammad's Motion for Disqualification and Chief Judge's Review, which the Court has construed as a Motion to Recuse ("Motion for Recusal," ECF No. 116).

In his Motion for Recusal, Muhammad requests that the undersigned "be disqualified from any further proceedings in the above-referenced case number." (Id. at 1.) Muhammad claims that the undersigned "knowingly gave a false/fictitious name of the victim to the defense, jurors and everyone else present in the courtroom" during Muhammad's trial. (Id.) Muhammad vaguely contends that the undersigned "continued presiding over the case in a manner prejudicial to the defense." (Id. at 3.) He requests that the Honorable Chief Judge Rebecca Beach Smith be appointed to rule on his pending Motion for a New Trial. (Id.)

The bar for recusal is high, as "courts have only granted recusal motions in cases involving particularly egregious

conduct." Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011). The Court harbors no bias against Muhammad, and Muhammad has not demonstrated any circumstance where the impartiality of the undersigned might be reasonably questioned. See 28 U.S.C. §§ 144,[1] 455.[2] Moreover, the Court's identification of the victim during Muhammad's trial does not show the "deep-seated favoritism or antagonism that would make fair judgment

---

[1] The statute provides, in relevant part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[2] The statute provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

2

impossible," and therefore does not warrant recusal. <u>Liteky v.</u>
<u>United States</u>, 510 U.S. 540, 555 (1994). Accordingly,
Muhammad's Motion for Recusal (ECF No. 116) will be denied.

The Clerk is directed to send a copy of this Memorandum
Opinion to Muhammad and counsel of record.

It is so ORDERED.

/s/ _RES_

Robert E. Payne
Date: _September 12, 2017_    Senior United States District Judge
Richmond, Virginia

3