IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                    Civil Action No. 3:14CR55

MUSTAFA MUHAMMAD

## MEMORANDUM OPINION

The matter is before the Court on the Motion for New Trial (ECF No. 74) filed by Mustafa Muhammad. By Order entered on July 14, 2017, the Court ordered the Government to respond to Muhammad's Motion. (ECF No. 114.) The Government filed a Motion for an Extension of Time (ECF No. 117) on August 3, 2017, and filed its Response (ECF No. 118) on August 6, 2017. The Government's Motion for an Extension of Time will be granted, and its Response will be deemed timely filed. Muhammad has filed a Reply. (ECF No. 120.) The Motion for New Trial is therefore ripe for disposition.

### I. PROCEDURAL HISTORY

On April 15, 2014, a grand jury indicted Muhammad with transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a). (Indictment 1, ECF No. 9.) Muhammad's jury trial commenced on June 23, 2014. After the Government rested its case, Muhammad moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. (June 24, 2014 Tr. 395,

ECF No. 60.) The Court denied Muhammad's motion. (June 24, 2014 Tr. 397.) Muhammad then presented testimony from four witnesses in his defense. (June 24, 2014 Tr. 398-417.) After the close of the evidence, Muhammad again moved for a judgment of acquittal, which the Court denied. (June 24, 2014 Tr. 508-10.) Following a few hours of deliberations, the jury returned its verdict, finding Muhammad guilty of the charge in the one-count Indictment. (ECF No. 40, at 1.)

On September 17, 2014, the Court entered judgment and sentenced Muhammad to 120 months of incarceration. (J. 2, ECF No. 51.) Muhammad appealed. On May 5, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Muhammad's conviction and sentence. United States v. Muhammad, 601 F. App'x 226, 227 (4th Cir. 2015). On November 2, 2015, the United States Supreme Court denied Muhammad's petition for certiorari. Muhammad v. United States, 136 S. Ct. 425 (2015). On April 11, 2016, the Court received Muhammad's Motion for a New Trial. For the reasons set forth below, the Motion for a New Trial ("Rule 33 Motion") will be denied.

## II. RULE 33 MOTION

### A. Summary of Evidence

Muhammad's Pre-Sentence Investigation Report ("PSR") aptly summarized the evidence of his guilt as follows:

> [O]n March 14, 2014, Stafford County Sheriff's Office First Sergeant Rob Grella conducted a prostitution sting operation, wherein he telephonically contacted women advertising "escort" services on the website www.backpage.com (Backpage). Law enforcement is aware that women advertising as escorts on Backpage are frequently engaged in prostitution. First Sergeant Grella telephoned a female using the moniker "Scarlet" advertising in Fredericksburg, Virginia with an ad title of "Back for the First Time," and using telephone number 202-644-2963. The female agreed to travel to First Sergeant Grella, who was using a room at the Wingate Hotel, 20 Sanford Drive in Stafford County, Virginia.
> 
> The woman entered the hotel and agreed to engage in oral and/or vaginal intercourse with First Sergeant Grella in exchange for money. The woman was detained by First Sergeant Grella for further investigation. The woman initially provided First Sergeant Grella with false information regarding her age, but after further questioning, the female (hereinafter identified as Juvenile 1) informed First Sergeant Grella that she was a 16 year old runaway from Maryland with a date of birth of March 20, 1997. A check of police records and information from Juvenile 1's family confirmed Juvenile 1 was in fact 16 years old at the time of arrest. Juvenile 1 informed First Sergeant Grella that she was in the company of three other persons and that they were all staying in a room at the Holiday Inn Express, 5422 Jefferson Davis Hwy, Fredericksburg, Virginia 22407. Mr. Muhammad was detained leaving his hotel by police in a vehicle described as a 1995 Toyota . . . registered to Mustafa Muhammad . . . . Also in the vehicle were Lillie Edmonds, an adult female, and Alfred Leroy Thompson, an adult male. Ms. Edmonds and Mr. Thompson were also detained pending further investigation.

>       Juvenile 1 was interviewed by Stafford County
> Sheriff's Office Detective Sean Danyluk on March 15,
> 2014. Juvenile 1 stated that she met Mr. Muhammad on
> a social media website known as Tagged.com. Law
> enforcement is aware that pimps often use this website
> to recruit persons into prostitution. According to
> Juvenile 1, she met Mustafa Muhammad on or about March
> 13, 2014, at a hotel near Clinton, Maryland, where she
> prostituted on his behalf. Juvenile 1 stated that Mr.
> Muhammad posted advertisements on Backpage for her and
> used her real photographs in the ads. Juvenile 1
> indicated she gave Mr. Muhammad some of the proceeds
> from her acts of prostitution. She stated they then
> traveled to Spotsylvania County, Virginia. Juvenile 1
> reported that Mr. Thompson was also present at the
> hotel in Clinton, Maryland.
>       According to Juvenile 1, on March 14, 2014, Mr.
> Muhammad decided to leave Maryland for Virginia.
> Mustafa Muhammad told Juvenile 1 that they would make
> a lot of money in Virginia due to Juvenile 1's light
> complexion. Prior to leaving Maryland, the three
> individuals (Juvenile 1, Mustafa Muhammad, and Alfred
> Thompson) picked up Ms. Edmonds, who was staying at a
> different hotel in Maryland. All persons in the car
> were aware they were traveling to Virginia for the
> purpose of Juvenile 1 and Ms. Edmonds to engage in
> commercial sex acts. Juvenile 1 [stated] that Mr.
> Muhammad again posted her on Backpage in
> Fredericksburg, Virginia. She stated they obtained
> room 520 at the Holiday Inn Express. Juvenile 1
> disclosed that she travelled to the Wingate Hotel in
> Stafford County in the Toyota driven by Mr. Muhammad.

(PSR ¶¶ 6-9 (paragraph numbers omitted).)

### B. Timeliness of the Motion for a New Trial

Federal Rule of Criminal Procedure 33 provides:

> **(a) Defendant's Motion.** Upon the defendant's motion,
> the court may vacate any judgment and grant a new
> trial if the interest of justice so requires. If the
> case was tried without a jury, the court may take
> additional testimony and enter a new judgment.

> **(b) Time to File.**
> **(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
> **(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. Because Muhammad filed his Rule 33 Motion nearly two years after the finding of guilt in his case, he must identify "newly discovered evidence" within the meaning of Fed. R. Crim. P. 33(b)(1).

To establish entitlement to a new trial based on newly discovered evidence, Muhammad must satisfy a five-faceted test by demonstrating that "(1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013) (citation omitted). "Unless the defendant demonstrates all five of these factors, the motion should be denied." United States v. Pierre, 525 F. App'x 237, 239 (4th Cir. 2013) (citing United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989)). Moreover, the Court "should exercise its discretion to award a new trial sparingly and a jury verdict

is not to be overturned except in the rare circumstances when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 217 (4th Cir. 2006) (internal quotation marks omitted) (citation omitted). As explained below, it is not necessary to address all five factors because Muhammad has failed to identify any newly discovered evidence.

C. **Muhammad's Claim for Rule 33 Relief**

Muhammad's sole argument in his Rule 33 Motion is that "[t]he misidentification of [the] Government's star witness prejudiced [his] right to a fair trial." (Rule 33 Mot. 2, ECF No. 74.)[1] Muhammad alleges that "the Court gave a false name [for the minor] in open court to the jurors as well as the defendant. The Court gave the name Jalissa Butler. However, her true last name consists of twelve letters not six letters." (Id. (internal citations omitted).) Muhammad also contends that the wrong initials were used throughout trial to refer to the minor. (Id. at 3.) Finally, Muhammad argues that the minor's birth certificate is necessary to verify her age. (Id. at 3-4.)

As relief, Muhammad requests that the Court grant his Rule 33 Motion and conduct "an in camera review of confidential information." (Id. at 7.) Muhammad also requests that the

---

[1] The Court uses the pagination assigned to Muhammad's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Muhammad's submissions.

6

Court hold an evidentiary hearing and disclose to him "the full correct legal name . . . and correct date of birth of [the] 'alleged' minor witness." (Id.) To support his Motion, Muhammad has included excerpts from the trial transcript (ECF No. 74-1, at 1-2, ECF No. 74-2, at 3, and ECF No. 74-3, at 2); a copy of the Department of Homeland Security's Report of Investigation regarding contact with Lilly Edmonds (ECF No. 74-2, at 1-2); and a copy of Muhammad's pro se Motion for Dismissal, filed May 22, 2014 (ECF No. 74-3, at 1).

**D. Analysis**

The Government contends, and the Court agrees, that the fundamental flaw with Muhammad's Rule 33 Motion is that he identifies no new evidence. Neither the documents that he attaches to his Rule 33 Motion, nor the information contained therein, is new. To the contrary, Muhammad seeks to use Rule 33 for a fishing expedition to obtain the minor victim's full name and unredacted birth certificate. Muhammad apparently believes that this information will demonstrate that the victim was not a minor at the time of the offense and will therefore exonerate Muhammad. Muhammad's conjecture, however, does not permit him to use Rule 33 as a fishing expedition to request evidence that he believes will support his claim. See United States v. Sebolt, 641 F. App'x 289, 290 (4th Cir. 2016); United States v.

Bales, No. Crim.A. 95-149, 1997 WL 825245, at *8 (E.D. Pa. Dec. 19, 1997).

Moreover, Muhammad fails to explain, and the Court fails to discern, how the full name and birth certificate for the minor victim were not available prior to or during trial. See United States v. Christy, 3 F.3d 765, 769 (4th Cir. 1993) (explaining that evidence is not "new" when available to defendant before trial and "'evidence' could have been discovered by 'the diligence of the defendant or his counsel'" (quoting United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987))); United States v. Provenzano, 620 F.2d 985, 997 (3d Cir. 1980). Because Muhammad has identified no newly discovered evidence, he is not entitled to a new trial. For this reason alone, Muhammad's Rule 33 Motion (ECF No. 74) will be denied.

### III. RELATED OUTSTANDING MOTIONS

A.     **Motion to Unseal and Motion to Strike**

By Order entered on June 13, 2014, the Court directed, pursuant to 18 U.S.C. § 3509(d), "that all papers to be filed with the Court that disclose the name or any other information concerning the alleged minor victim shall be filed under seal without necessity of obtaining a court order . . . ." (ECF No. 25, at 1.) The Court further ordered "that the parties and the witnesses shall not disclose the alleged minor victim's name

8

at pre-trial proceedings, trial, or post-trial proceedings in this case." (Id.)

Muhammad has filed a Motion to Unseal, requesting that the Court unseal the identification of the minor victim, as well as all statements given by the victim. (ECF No. 72, at 1.) Muhammad asks for this information to be unsealed so that he can obtain the victim's full name, the unedited criminal docket, and unredacted copies of all documents that were subject to redaction. (Id. at 4.) Muhammad has also filed a Motion to Strike the Court's June 13, 2014 Order, requesting that it be stricken because, he alleges, the wrong initials were used to refer to the minor victim. (ECF No. 80, at 1-2.) Muhammad also contends that the Court's June 13, 2014 Order does not apply to post-trial proceedings. (Id. at 2.)

Contrary to Muhammad's assertion, the Court's June 13, 2014 Order explicitly applies to post-trial proceedings. (See ECF No. 25, at 1.) Moreover, Muhammad has not explained why he requires the full name of the victim as well as unredacted copies of any statements made by her. Accordingly, Muhammad's Motion to Unseal (ECF No. 72) and Motion to Strike (ECF No. 80) will

## B. Motion to Transfer

Muhammad has also filed a Motion to Transfer, requesting that his Rule 33 Motion be transferred to the Alexandria Division of this Court. (ECF No. 85, at 1.) Muhammad contends that venue was improper in the Richmond Division "because the activities giving rise to the charge and criminal complaint occurred in the Alexandria Division, not the Richmond Division, and the witness/'alleged' victim was located in the Alexandria Division (Stafford County)." (Id.)

Federal Rule of Criminal Procedure 18 states:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18. While "the Constitution, the Sixth Amendment and Rule 18 of the Federal Rules of Criminal Procedure guarantee that a defendant will be tried in the state where the crime was committed," United States v. Wharton, 320 F.3d 526, 536 (5th Cir. 2003), there is "no constitutional guaranty that the accused ha[s] the right to a trial in the division of the district in which the offense was committed." Franklin v. United States, 384 F.2d 377, 378 (5th Cir. 1967); see United States v. Florence, 456 F.2d 46, 48-50 (4th Cir. 1972) (district

10

court did not abuse discretion when it denied defendant's motion to transfer from one division to another within same district).

Muhammad is correct that the minor victim traveled to Stafford County, Virginia, to meet with the undercover officer. (June 23, 2014 Tr. 118-19.) Stafford County is located within the Alexandria Division. See Va. E.D. Loc. R. Crim. P. 18(B)(1). However, the Government also provided testimony that the minor victim had been staying in Spotsylvania County, Virginia, with Muhammad. (June 23, 2014 Tr. 121.) Spotsylvania County is located within the Richmond Division. See Va. E.D. Loc. R. Crim. P. 18(B)(4). Thus, venue was proper in either division. Accordingly, Muhammad's Motion to Transfer (ECF No. 85) will be denied.

### C. Motion for Removal of Counsel

Muhammad has also filed a Motion for Removal of Counsel. (ECF No. 88.) Muhammad requests that the Court remove Carolyn Grady from representing him further. (Id. at 1.) He alleges that "Ms. Grady and the prosecution have committed fraud in the Court and I do not want her representing me in any future proceedings, motions, etc." (Id.) Muhammad does not describe, and the Court does not discern, how Ms. Grady has been attempting to represent him, especially when Muhammad has filed several pro se motions since January of 2016. Accordingly,

Muhammad's Motion for Removal of Counsel (ECF No. 85) will be denied as moot.

D. **Motion for Evidentiary Hearing**

Finally, Muhammad has filed a Motion for Evidentiary Hearing on the matter of his Motion for a New Trial. (ECF No. 121.) Muhammad contends that an evidentiary hearing is needed because "[t]he identity and most importantly the age of the victim is in dispute." (Id. at 1.) "Absent 'exceptional circumstances,' a defendant is not entitled to an evidentiary hearing on his motion for a new trial based on newly discovered evidence." United States v. Mosley, 178 F.R.D. 470, 472 (W.D. Va. 1998) (citation omitted). As discussed above, Muhammed has identified no newly discovered evidence which he asserts entitles him to a new trial. For this reason, the Court concludes that Muhammad has not demonstrated exceptional circumstances requiring an evidentiary hearing. Accordingly, his Motion for Evidentiary Hearing (ECF No. 121) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Muhammad and counsel of record.

It is so ordered.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 10, 2017