

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.   Civil Action No. 3:14CR55

MUSTAFA MUHAMMAD

**MEMORANDUM OPINION**

The matter is before the Court on the 28 U.S.C. § 2255 Motion (ECF No. 90) filed by Mustafa Muhammad.[1] The Government has responded. For the reasons set forth below, the § 2255 Motion will be denied.

### I. PROCEDURAL HISTORY

On April 15, 2014, a grand jury indicted Muhammad with transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a). (Indictment 1, ECF No. 9.) Subsequently, a jury trial was held and Muhammad was found guilty of the charge in the Indictment. (ECF No. 40, at 1.) Muhammad's Pre-Sentence Investigation Report ("PSR") aptly summarized the evidence of his guilt as follows:

> [O]n March 14, 2014, Stafford County Sheriff's Office First Sergeant Rob Grella conducted a prostitution sting operation, wherein he telephonically contacted women advertising "escort" services on the website

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for the citations to Muhammad's submissions. The Court omits any emphasis in the quotations from Muhammad's submissions. The Court corrects the spacing in the quotations from Muhammad's submissions.

www.backpage.com (Backpage). Law enforcement is aware that women advertising as escorts on Backpage are frequently engaged in prostitution. First Sergeant Grella telephoned a female using the moniker "Scarlet" advertising in Fredericksburg, Virginia with an ad title of "Back for the First Time," and using telephone number 202-644-2963. The female agreed to travel to First Sergeant Grella, who was using a room at the Wingate Hotel, 20 Sanford Drive in Stafford County, Virginia.

The woman entered the hotel and agreed to engage in oral and/or vaginal intercourse with First Sergeant Grella in exchange for money. The woman was detained by First Sergeant Grella for further investigation. The woman initially provided First Sergeant Grella with false information regarding her age, but after further questioning, the female (hereinafter identified as Juvenile 1) informed First Sergeant Grella that she was a 16 year old runaway from Maryland with a date of birth of March 20, 1997. A check of police records and information from Juvenile 1's family confirmed Juvenile 1 was in fact 16 years old at the time of arrest. Juvenile 1 informed First Sergeant Grella that she was in the company of three other persons and that they were all staying in a room at the Holiday Inn Express, 5422 Jefferson Davis Hwy, Fredericksburg, Virginia 22407. Mr. Muhammad was detained leaving his hotel by police in a vehicle described as a 1995 Toyota . . . registered to Mustafa Muhammad . . . . Also in the vehicle were Lillie Edmonds, an adult female, and Alfred Leroy Thompson, an adult male. Ms. Edmonds and Mr. Thompson were also detained pending further investigation.

Juvenile 1 was interviewed by Stafford County Sheriff's Office Detective Sean Danyluk on March 15, 2014. Juvenile 1 stated that she met Mr. Muhammad on a social media website known as Tagged.com. Law enforcement is aware that pimps often use this website to recruit persons into prostitution. According to Juvenile 1, she met Mustafa Muhammad on or about March 13, 2014, at a hotel near Clinton, Maryland, where she prostituted on his behalf. Juvenile 1 stated that Mr. Muhammad posted advertisements on Backpage for her and used her real photographs in the ads. Juvenile 1 indicated she gave Mr. Muhammad some of the proceeds from her acts of prostitution. She stated they then traveled to Spotsylvania County, Virginia. Juvenile 1 reported that Mr. Thompson was also present at the hotel in Clinton, Maryland.

2

> According to Juvenile 1, on March 14, 2014, Mr. Muhammad decided to leave Maryland for Virginia. Mustafa Muhammad told Juvenile 1 that they would make a lot of money in Virginia due to Juvenile 1's light complexion. Prior to leaving Maryland, the three individuals (Juvenile 1, Mustafa Muhammad, and Alfred Thompson) picked up Ms. Edmonds, who was staying at a different hotel in Maryland. All persons in the car were aware they were traveling to Virginia for the purpose of Juvenile 1 and Ms. Edmonds to engage in commercial sex acts. Juvenile 1 [stated] that Mr. Muhammad again posted her on Backpage in Fredericksburg, Virginia. She stated they obtained room 520 at the Holiday Inn Express. Juvenile 1 disclosed that she travelled to the Wingate Hotel in Stafford County in the Toyota driven by Mr. Muhammad.

(PSR ¶¶ 6-9 (paragraph numbers omitted).)

On September 17, 2014, the Court entered judgment and sentenced Muhammad to 120 months of incarceration. (J. 2, ECF No. 51.) Muhammad appealed. On May 5, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Muhammad's conviction and sentence. United States v. Muhammad, 601 F. App'x 226, 227 (4th Cir. 2015). On November 2, 2015, the United States Supreme Court denied Muhammad's petition for certiorari. Muhammad v. United States, 136 S. Ct. 425 (2015).

On April 11, 2016, the Court received Muhammad's Motion for a New Trial. (ECF No. 74.) In the Motion for a New Trial, Muhammad made a frivolous claim that the Court and the prosecution used a false name and initials for the juvenile victim. (See id.) By Memorandum Opinion and Order entered on October 11, 2017, the Court denied Muhammad's Motion for a New Trial. (ECF Nos. 126, 127.)

On September 26, 2016, Muhammad filed the present § 2255 Motion wherein he demands relief upon the following grounds:

| | |
|---|---|
| Claim One | The prosecution knowingly used false testimony when it allowed the juvenile victim to state her initials were J.B. (§ 2225 Mot. 2-3.)[2] |
| Claim Two | The prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) by suppressing evidence reflecting the correct initials for the juvenile victim. (§ 2255 Mot. 4-5.) |
| Claim Three | The prosecution violated Muhammad's rights under the Double Jeopardy Clause[3] by utilizing misinformation about the juvenile's initials and age. (<u>Id.</u> at 6.) |
| Claim Four | (a) "The Court was without jurisdiction to hear the case without the proper proof of identification and a certified authentic birth certificate of the 'alleged' minor." (<u>Id.</u> at 8 (citation omitted).)<br>(b) Additionally, the Court lacked jurisdiction because the matter should have been tried in the Alexandria Division. (<u>Id.</u>) |
| Claim Five | Muhammad is actually innocent of the crime of which he was convicted. (<u>Id.</u> at 9.) |
| Claim Six | Muhammad was denied the effective assistance of counsel because:<br>(a) "counsel failed to investigate the true identity and age of the 'alleged' minor . . . .," (<u>id.</u> at 10);<br>(b) counsel failed to show Muhammad a DVD recording of an interview with the minor, (<u>id.</u> at 11); and, |

---

[2] The Court corrects the punctuation in the quotations to that refer to the juvenile victim's initials.

[3] "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

4

|               | (c) counsel failed to challenge on appeal the lack of adequate evidence with respect to the juvenile victim's age, (id. 12-13). |
|---------------|---|
| Claim Seven   | The Court constructively amended the Indictment by providing a jury instruction with respect to transporting an individual across state lines for prostitution. Muhammad "was not charged or indicted on the charge of bringing anyone across state lines for the purpose of prostitution. He was charged with bringing a minor across state line for the purpose of prostitution." (Id. at 14.) |
| Claim Eight   | The Court failed to provide the jury an adequate instruction with respect to the impeachment of the Government's star witness. (Id. at 16.) |

The Government has responded and moved to dismiss. (ECF No. 98.)[4] Muhammad filed a Reply.[5] (ECF No. 105.) As explained below, the Court finds that Claims One through Four, Seven and

---

[4] On April 3, 2017, Muhammad requested that the Court stay further proceedings on his § 2255 Motion until the Supreme Court decided Turner v. United States, 137 S. Ct. 1885 (2017). The Supreme Court decided that case on June 22, 2017.

[5] To the extent Muhammad seeks to add vague new claims in his Reply, the Court notes that Muhammad cannot add new claims by a passing reference in these submissions. See Snyder v. United States, 263 F. App'x 778, 779-80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); Equity in Athletics, Inc. v. Dep't of Educ., 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Therefore, to the extent that Muhammad seeks to add any new claims in his Reply, the new claims will receive no further consideration in this action.

Eight are procedurally defaulted. Additionally, the Court finds that Claims One through Six(c) lack merit.

## II. PROCEDURAL DEFAULT

In collateral proceedings, a petitioner may not assert claims he could have raised, but failed to, on direct appeal. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009). A petitioner is barred from raising any claim reviewable on appeal absent showings of cause and prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982). In order to establish cause, the petitioner must demonstrate that something "external to the defense" prohibited him from raising the issue on appeal. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citation omitted). Here, the Government correctly notes that Muhammad defaulted Claims One through Four, Seven, and Eight by failing raise these claims at trial and on direct appeal.

Initially, Muhammad suggests that his actual innocence excuses his default. As explained below, infra Part III, Muhammad fails to demonstrate that he is actually innocent. Accordingly, the Court rejects that argument for excusing his default. With respect to Claims One through Four, Muhammad contends that the ineffective assistance of counsel constitutes cause to excuse his

6

default of these claims.[6] As explained below, infra Part III, Claims One through Four lack factual and legal merit so counsel was not deficient for pursuing Claims One through Four. The Court will dispose of those claims in conjunction with the discussion of Muhammad's contention that he failed to receive the effective assistance of counsel. As Muhammad has not advanced a viable basis for excusing his default of Claims Seven and Eight, Claims Seven and Eight will be dismissed.

### III. EVIDENCE PERTAINING TO THE VICTIM'S NAME AND AGE

The Indictment charged that "[o]n or about March 14, 2014, through on or about March 15, 2014, . . . . MUHAMMAD, did knowingly transport an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that such individual engage in prostitution." (Indictment 1, ECF No. 9.)

Prior to trial, the Government filed a motion pursuant to 18 U.S.C. § 3509(d) to protect the juvenile victim's identity. (ECF No. 23.) By Order entered on June 13, 2014, the Court granted the motion and ordered, inter alia,

> that the parties and the witnesses shall not disclose the alleged minor victim's name at pre-trial proceedings, trial, or post-trial proceedings in this case. The parties shall prepare their witnesses and instruct them to refer to the minor victim only by the

---

[6] Muhammad alleges that he only recently learned of the information about the victim's use of false initials by "repeatedly asking [counsel] for information from case file." (ECF No. 90-7, at 10.)

victim's initial and all counsel shall refer only the
alleged minor victim's initials, rather than by name.

(ECF No. 25, at 1-2.)

Prior to the entry of the above Order, the Government had provided counsel for Muhammad with the victim's redacted birth certificate. (ECF No. 98-1, at 1-2.) The birth certificate reflected that the victim's initials were "J.B." and that her date of birth was in 1997. (Id. at 2.)

At the beginning of her testimony, the Government asked the minor to state her initials, to which she responded, "J.B." (Trial Tr. 194.) J.B. then stated that she was seventeen and her date of birth was "3-20-97." (Trial Tr. 194.) Thus, the record reflects that the victim was under eighteen at the time of the offense and at the time of the trial.

In his § 2255 Motion, Muhammad directs the Court to two interview reports, prepared by Special Agent Matthew Rosenberg. In the first report, SA Rosenberg interviewed, Lilly Edmonds, who was driven to Virginia with Muhammad and the juvenile for the purpose of prostituting the juvenile and Edmonds. (ECF No. 90-1, at 1-2.) When recounting the information provided by Edmonds, the report refers to the juvenile victim's initials as "J.T." (Id.)[7]

---

[7] The reference to the juvenile victim in this report as JT may be a scrivener's error or may reflect some initial confusion by SA Rosenberg as to the victim's last name because the victim's mother's last name starts with the letter T. (See ECF No. 90-2, at 2.)

8

The second report is SA Rosenberg's notes of his interview with the juvenile victim. (ECF No. 90-2.) That report identifies the juvenile victim by the initials "J.B.," seventeen times. (Id.)

In his § 2255, Muhammad contends that because the first report utilizes the initials J.T., the juvenile victim must have lied when she said her initials were J.B., and the Government knew she was lying. Whatever the genesis of the reference to the victim's initials as J.T. in SA Rosenberg's first report may be, the overwhelming, credible evidence before the Court reflects that the juvenile victim's correct initials were J.B. and that she was under 18 at the time of the offense. Accordingly, Muhammad's contention that he is actually innocent for transporting a minor in interstate commerce for prostitution lacks merit. Claim Five will be dismissed. Additionally, as explained more fully below, counsel was not deficient and Muhammad was not prejudiced by counsel's failure to pursue the frivolous claims Muhammad urges here with respect to the victim's initials and age.

## IV. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the

convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

**A. Claims Pertaining To The Age And Identity Of The Victim**

As noted above, Muhammad suggests that counsel's deficient performance was the cause for his failure to pursue Claims One through Four. Because counsel had no reason to believe that the prosecution was utilizing incorrect initials for the victim or misrepresenting her age, counsel reasonably eschewed pursuing Claims One through Four(a) and Six(a). Moreover, Muhammad fails to demonstrate any reasonable probability of a different result had counsel pursued these claims or further investigations about the victim's name and age. Accordingly, Claims One through Four(a) and Six(a) will be dismissed.

## B. Alleged Improper Venue

In Claim Four(b), Muhammad asserts this Court lacks jurisdiction because the matter should have been tried in the Alexandria Division. The Court already rejected a similar challenge by Muhammad when it denied Muhammad's post-conviction Motion to Transfer. The Court explained:

> Federal Rule of Criminal Procedure 18 states:
> > Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.
>
> Fed. R. Crim. P. 18. While "the Constitution, the Sixth Amendment and Rule 18 of the Federal Rules of Criminal Procedure guarantee that a defendant will be tried in the state where the crime was committed," United States v. Wharton, 320 F.3d 526, 536 (5th Cir. 2003), there is "no constitutional guaranty that the accused ha[s] the right to a trial in the division of the district in which the offense was committed." Franklin v. United States, 384 F.2d 377, 378 (5th Cir. 1967); see United States v. Florence, 456 F.2d 46, 48-50 (4th Cir. 1972) (district court did not abuse discretion when it denied defendant's motion to transfer from one division to another within same district).
> Muhammad is correct that the minor victim traveled to Stafford County, Virginia, to meet with the undercover officer. (June 23, 2014 Tr. 118-19.) Stafford County is located within the Alexandria Division. See Va. E.D. Loc. R. Crim. P. 18(B)(1). However, the Government also provided testimony that the minor victim had been staying in Spotsylvania County, Virginia, with Muhammad. (June 23, 2014 Tr. 121.) Spotsylvania County is located within the Richmond Division. See Va. E.D. Loc. R. Crim. P. 18(B)(4). Thus, venue was proper in either division.

11

(ECF No. 126, at 10-11.) Accordingly, counsel was not deficient, nor was Muhammad prejudiced, by counsel's failure to argue this Court lacked jurisdiction over his case. Claim Four(b) will be dismissed.

### C. Failure To Allow Muhammad To View DVD

In Claim Six(b), Muhammad complains that counsel failed to allow him to view a DVD recording of an interview of J.B. Muhammad acknowledges that counsel did provide him an accurately transcribed statement of the interview. Muhammad fails to demonstrate that such actions by counsel were unreasonable or that he was in any way prejudiced thereby. Accordingly, Claim Six(b) will be dismissed.

### D. Ineffective Assistance On Appeal

In Claim Six(c), Muhammad faults counsel for filing an Anders[8] brief on appeal. Muhammad, however, fails to identify any viable issue that appellate counsel should have pursued. To the extent that Muhammad suggests that insufficient evidence was introduced at trial to prove the victim's age, he is wrong. As Muhammad fails to demonstrate deficiency or prejudice, Claim Six(c) will be dismissed.

---

[8] Anders v. California, 386 U.S. 738 (1967).

## V. MUHAMMAD'S OUTSTANDING MOTIONS

Because the Government was granted an extension of time and thereafter timely filed its Response, Muhammad's REQUEST TO ENTER DEFAULT JUDGMENT (ECF No. 96) and RENEWED MOTION FOR DEFAULT JUDGMENT (ECF No. 102) will be denied.

Because no need exists to appoint counsel or conduct an evidentiary hearing, Muhammad's MOTION FOR EVIDENTIARY HEARING (ECF No. 106) and MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 111) will be denied.

Muhammad has sought leave to conduct discovery. Rule 6(a) of the Rules Governing § 2255 Proceedings allows a judge to authorize discovery only for good cause. In this context, "good cause" cannot exist unless "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004) (alteration in original) (quoting Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). As reflected above, Muhammad cannot satisfy this standard. Accordingly, Muhammad's MOTION FOR AN ORDER COMPELLING DISCOVERY UNDER § 2255 (ECF No. 110) and THIRD MOTION FOR AN ORDER COMPELLING DISCOVERY UNDER § 2255 (ECF No. 119) will be denied. Further, as Muhammad fails to demonstrate a particularized need, his EXPEDITED MOTION FOR PRODUCTION OF GRAND JURY MATERIALS (ECF

No. 109) and MOTION FOR PREPARATION OF TRANSCRIPT AT GOVERNMENT EXPENSE (ECF No. 134) will be denied.

Because Muhammad fails to demonstrate that he is entitled to bail, a hearing, or any further review or relief from the Court, his remaining outstanding motions (ECF Nos. 139, 141, 142, 144, 145) will be denied.

## VI. CONCLUSION

Muhammad's claims will be dismissed. The outstanding motions will be denied. The 28 U.S.C. § 2255 Motion (ECF No. 90) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

It is so ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 19, 2019