IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Civil Action No. 3:14CR55

MUSTAFA MUHAMMAD

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on July 19, 2019, the Court denied the 28 U.S.C. § 2255 Motion (ECF No. 90) filed by Mustafa Muhammad. (ECF Nos. 146, 147.) On August 19, 2019, Muhammad placed a document titled, MOTION TO RECALL ORDER/MADATE AND MOTION FOR R&R OF MAGISTRATE JUDGE AND MOTION FOR EVIDENTIARY HEARING ("Motion to Recall"), in the prison mail system for mailing to this Court. (ECF No. 148, at 5.) The Court deems the Motion to Recall filed as of August 19, 2019. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Because Muhammad filed the Motion to Recall more than twenty-eight (28) days after the entry of the July 19, 2019 Memorandum Opinion and Order, the Motion to Recall is governed by Federal Rule of Civil Procedure 60(b) rather than Rule 59(e). See MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)); In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). Additionally, the United States Court of Appeals for the Fourth Circuit has held "that district courts must treat Rule 60(b)

motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)).[1] Therefore, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Here, Muhammad's Motion to Recall seeks to relitigate claims the Court determined lack merit. Thus, the Motion for Reconsideration must be treated as a successive, unauthorized Rule 60(b) Motion. Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005) (construing a motion as a successive habeas corpus application if

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

2

it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion).

The Clerk will be directed to assign a civil action number to the Motion to Recall (ECF No. 148). The Court has not received authorization from the Fourth Circuit to entertain a second 28 U.S.C. § 2255 motion. Therefore, the action will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 2, 2019