IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                         Criminal No. 3:14cr55

MUSTAFA MUHAMMAD

MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se* MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 193) filed on April 1, 2021,[1] the defendant's RENEWED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF. No. 185),[2] the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 192), the Joint Status Reports (ECF Nos. 194 and 199), and the position of the Probation Office (ECF No. 191.) Having considered the foregoing, the Presentence Report (ECF No. 162) and the file, for the reasons set forth below, the defendant's *pro se* MOTION UNDER 18 U.S.C. §

---

[1] The defendant filed the *pro se* Motion (ECF No. 193) on April 1, 2021 after his appointed counsel filed the Renewed Motion (ECF No. 185) on March 16, 2021.

[2] By ORDER (ECF No. 179) entered on August 3, 2020, the defendant's MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF No. 177) was denied without prejudice because the defendant's appeal respecting his Petition Pursuant to 28 U.S.C. § 2255 was pending before the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed the defendant's appeal and counsel for the defendant filed the instant Renewed Motion (ECF No. 185).

3582(c)(1)(A)(i) (ECF No. 193) and the defendant's RENEWED MOTION FOR COMPASSIONATE RELEASE PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF. No. 185) will be denied.

## BACKGROUND

On March 17, 2014, Mustafa Muhammad was charged by a Criminal Complaint for Transporting a Minor for Prostitution, in violation of 18 U.S.C. § 2423(a).  A grand jury subsequently returned an Indictment on April 14, 2014, charging the same offense. Following a trial by jury, Muhammad was convicted on June 24, 2014 of the charged offense.  Muhammad appeared for sentencing on September 11, 2014.  According to the Presentence Report which was approved and adopted by the Court, Muhammad's offense level was 32 and his Criminal History Category was III.  The guideline provisions called for a sentence of 151 to 188 months confinement and the statutory provision provided for a minimum sentence of ten years and a maximum sentence of life imprisonment.  At sentencing, the defendant's motion for a variance was granted and he was sentenced to the mandatory minimum term of 120 months to be followed by five years of supervised release.

Muhammad is currently housed at FCI Beckley and his projected release date is December 11, 2022.

FCI Beckley is a medium security facility located in Beaver, West Virginia.  It houses 1,572 inmates.  As of the time the

2

Government filed its papers in this case, there were three inmates and five staff members who had reported positive for COVID-19 and 221 inmates and 77 staff members previously tested positive but had recovered.   There have been no deaths of inmate or staff at the facility attributable to COVID-19 at any time.

The motion for compassionate release (ECF No. 185) reflects that, on April 29, 2020, Muhammad filed a request with the Warden at FCI Beckley for compassionate release which was denied on May 27, 2020.   According to the motion (ECF No. 185), Muhammad "does not suffer from underlying conditions recognized by the CDC as increasing his risk for severe illness or death from COVID-19." (ECF No. 185, p. 2).   His theory of compassionate release is that the COVID-19 pandemic itself is an extraordinary and compelling reason warranting relief because as long as Muhammad "remains incarcerated, he faces an unacceptable risk of contracting and dying from COVID-19.

In the *pro se* MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 193), Muhammad contests the supervised release aspect of the sentence, invokes the rule of lenity because he did not know the age of the victim, describes his post-conviction sentencing accomplishments (a real estate course, various drug courses, electrical, core construction safety, forklift courses, a CDL course, parenting courses, post-release classes, and having adult

3

educational courses as well.  He is an orderly and supervises several individuals attending to the cleanliness of the prison facility.  He also describes a home release program and argues that he has no violence in his history.  As to the coronavirus, he argues that prisons are breeding grounds for infection.  He also claims to have sickle cell trait which itself, of course, is not the same as sickle cell anemia, and he reports therein that he has not taken the vaccine having rejected the AstraZeneca vaccine, but the Joint Status Report reports that, after he filed the *pro se* motion (ECF NO. 193), Muhammad now has received both doses of the Pfizer BioNTech vaccine.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i).  United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread.  United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020).  In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines.  See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019).  The policy statements are not binding but are informative and may be considered.  United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020).  The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious.  Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility."  United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020); United States v. White, _____ F. Supp.3d _____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020)

5

### 1. Particularized Susceptibility

Muhammad has not established that he suffers from any condition that the CDC recognizes as enhancing the risk of contracting, or the consequences of contracting, COVID-19. His counsel's paper acknowledges that fact.

Moreover, Muhammad has received both does of the Pfizer BioNTech vaccine. Further, because the vaccine mitigates the risk of contracting COVID-19, the defendant must provide other evidence to establish an extraordinary and compelling reason for compassionate release based upon his concern about contracting the virus. United States v. Stoddard, No. 1:14cr76, 2021 WL 2379568, at *5 (E.D. Va. Va. June 9, 2021); United States v. Cabaase, No. 2:10cr57, 2021 WL 2346106, at *4 (E.D. Va. June 8, 2021); United States v. Jones, No. 3:19cr105, 2021 WL 217157, at *5 (E.D. Va. Jan. 21, 2021). Muhammad has been vaccinated, and he has not made the showing that he nonetheless suffers from any extraordinary condition that is terminal or severely limits his ability to function in a correctional setting.

In sum, Muhammad has not met the particularized susceptibility risk facet of the applicable test.

### 2. Particularized Facility Risk

Nor has Muhammad met the particularized facility risk component of the appropriate test. His motion cites press

6

releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Beckley (1,572 inmates), the defendant's facility of incarceration. Further, the record reflects that, at the time of the filing of the Government's papers, FCI Beckley had three active case of COVID-19 among inmates, five active cases of COVID-19 among staff, and 221 inmates and 77 staff members who had previously recovered from COVID-19. No COVID-19 caused deaths have been reported at FCI Beckley. In addition, all inmates who have tested positive are being appropriately treated and isolated in accord with the appropriate CDC guidelines that have been adopted by the Bureau of Prisons.

On this record, Muhammad has not met the particularized facility component of the applicable test.

### 3. Assessment Under 18 U.S.C. § 3553(a)

But, even if Muhammad had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. The defendant argues, in conclusory

7

fashion, that he is not a danger to the community because he has not committed a violent crime and has rehabilitated himself in prison.

Muhammad's offense of conviction involved exposing a child of 16 to the sex trade. That conduct is itself dangerous. Muhmmmad committed that crime while on supervised release, showing a high risk of recidivism. Danger and violence are two different circumstances. The record shows that Muhummad is dangerous, notwithstanding that he did not use violence.

The public needs to be protected from Muhammad's criminal proclivities. He needs to be deterred from again violating the law. He needs to respect the law. The sentencing factors in 18 U.S.C. § 3553(a) call for full service of the sentence as imposed. That is not changed by Muhammad's commendable efforts at rehabilitation. Prisoners are expected to obey the rules in prison and to try to improve themselves. Some do not. Most do. But rehabilitation alone is not ground for compassionate release. Nor does it overcome Muhammad's offense conduct - which is most serious indeed - or his inclination to recidivism.

## CONCLUSION

For the reasons set forth above, the defendant's *pro se* MOTION UNDER 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 193) filed on April 1, 2021 and the defendant's RENEWED MOTION FOR COMPASSIONATE RELEASE

8

PURSUANT TO SECTION 603(b) OF THE FIRST STEP ACT (ECF. No. 185) will be denied.

It is so ORDERED.

_____ /s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 25, 2021

9