IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                           Civil Action No. 3:14CR55

MUSTAFA MUHAMMAD

**MEMORANDUM OPINION**

The matter is before the Court Mustafa Muhammad's FEDERAL RULE OF CIVIL PROCEDURE RULE 11 MOTION REQUESTING SANCTIONS ("Motion for Sanctions," ECF No. 195); MOTION UNDER RULE 52(b) PLAIN ERROR ("Plain Error Motion," ECF No. 196); WRITTEN DEMAND TO THE GOVERNMENT ("July 26, 2021 Written Demand," ECF No. 197); another WRITTEN DEMAND TO THE GOVERNMENT ("January 4, 2022 Written Demand and Motion for Dismissal," ECF No. 206); and, EXPEDITED MOTION FOR IMMEDIATE DISMISSAL ("Motion for Immediate Dismissal," ECF No. 207).[1] For the reasons set forth below, Muhammad is not entitled to any relief on his July 26, 2021 Written Demand and the rest of his motions must be treated as successive, unauthorized 28 U.S.C. § 2255 motions and be dismissed.

**I. Relevant Procedural History**

Following a jury trial, Muhammad was convicted of transportation of a minor for prostitution, in violation of 18

---

[1] The Court corrects the capitalization in the quotations from Muhammad's submissions.

U.S.C. § 2423(a). By Memorandum Opinion and Order entered on July 19, 2019, the Court denied the 28 U.S.C. § 2255 Motion (ECF No. 90) filed by Muhammad. (ECF Nos. 146, 147.) In denying his § 2255 motion, as pertinent here, the Court stated:

> At the beginning of her testimony, the Government asked the minor to state her initials, to which she responded, "J.B." (Trial Tr. 194.) J.B. then stated that she was seventeen and her date of birth was "3-20-97." (Trial Tr. 194.) Thus, the record reflects that the victim was under eighteen at the time of the offense and at the time of the trial.
> In his § 2255 Motion, Muhammad directs the Court to two interview reports, prepared by Special Agent Matthew Rosenberg. In the first report, SA Rosenberg interviewed, Lilly Edmonds, who was driven to Virginia with Muhammad and the juvenile for the purpose of prostituting the juvenile and Edmonds. (ECF No. 90-1, at 1-2.) When recounting the information provided by Edmonds, the report refers to the juvenile victim's initials as "J.T." (Id.)[2]
> The second report is SA Rosenberg's notes of his interview with the juvenile victim. (ECF No. 90-2.) That report identifies the juvenile victim by the initials "J.B.," seventeen times. (Id.)
> In his § 2255, Muhammad contends that because the first report utilizes the initials J.T., the juvenile victim must have lied when she said her initials were J.B., and the Government knew she was lying. Whatever the genesis of the reference to the victim's initials as J.T. in SA Rosenberg's first report may be, the overwhelming, credible evidence before the Court reflects that the juvenile victim's correct initials were J.B. and that she was under 18 at the time of the offense. Accordingly, Muhammad's contention that he is actually innocent for transporting a minor in interstate commerce for prostitution lacks merit. Claim Five will

---

[2] The reference to the juvenile victim in this report as JT may be a scrivener's error or may reflect some initial confusion by SA Rosenberg as to the victim's last name because the victim's mother's last name starts with the letter T. (See ECF No. 90-2, at 2.)

2

>     be dismissed. Additionally, as explained more fully
>     below, counsel was not deficient and Muhammad was not
>     prejudiced by counsel's failure to pursue the frivolous
>     claims Muhammad urges here with respect to the victim's
>     initials and age.

(ECF No. 146, at 8-9.)

## II. Muhammad's Current Filings

### A. Motion for Sanctions

On April 26, 2021, Muhammad filed his Motion for Sanctions. In the Motion for Sanctions, Muhammad requests that the Court "dismiss the case for defective indictment" because the Indictment failed "to name the victim." (ECF No. 195, at 2.)

### B. Plain Error Motion

On July 20, 2021, Muhammad filed the Plain Error Motion. In the Plain Error Motion, Muhammad contends that he is entitled to immediate release because, <u>inter alia</u>, the Indictment was defective, no birth certificate of the minor victim was entered into evidence, and he was shackled at trial.

### C. Written Demands

In his July 26, 2021 Written Demand, Muhammad states, "I am writing a demand letter requesting the full name of the 'alleged' minor. Perjury and fraud was committed in our Honorable Court of Justice. . . . If the Government does not wish to disclose this material and exculpatory information, Defendant respectfully

3

request[s] an immediate dismissal from prosecution." (ECF No. 197, at 1.)

On January 4, 2022, Muhammad filed his January 4, 2022 Written Demand, wherein he contends that he "is entitled (under § 3509(d), Brady, and common law) to the full name of the 'alleged' victim." (ECF No. 206, at 1.) Muhammad asserts that "[t]he 'alleged' victim gave false initials to the Court while under oath. . . . The prosecution knew this was a lie . . . ." (Id. at 2.) Muhammad then states he is entitled to "an immediate dismissal as he has previously requested this information from the District Court and the prosecution (Government)." (Id.)

### D. Motion for Immediate Dismissal

Also, on January 4, 2022, Muhammad filed his Motion for Immediate Dismissal. In that Motion, Muhammad contends "that the victim was over the age of eighteen (18)." (ECF No. 207, at 2.) Muhammad contends that, because the Government has not replied to his recent demands, the Government violated his rights to due process and equal protection and he is entitled to be released.

### III. Post-Conviction Demand for Disclosure

Muhammad contends that he is entitled to information pertaining to his minor victim's identity under 18 U.S.C. § 3509(d), common law, and Brady v. Maryland, 373 U.S. 83 (1963). The record reflect that the victim was a minor at the time of the

offense. Muhammad fails to explain, must less demonstrate that either common law or Brady require the Court or the Government provide him any further information at this juncture. Grayson v. King, 460 F.3d 1328, 1337 (11th Cir. 2006) (citation omitted) (observing that "it is the suppression of evidence before and during trial that carries Brady's constitutional implications"). Moreover, as explained by the D.C. Circuit in United States v. Brice, 649 F.3d 793 (D.C. Cir. 2011), 18 U.S.C. § 3509(d) does not provide him any right of access to the name of his minor victim. In that case,

> a criminal defendant appealed the district court's refusal to unseal "records of . . . two material witness proceedings" that the district court had "referred to" at sentencing. He argued that the Child Victims' Act's privacy protections gave him a "right of access" to the sealed material. Rejecting that contention, we explained that "[b]y its terms . . . § 3509(d) is not an affirmative disclosure statute but rather forbids disclosure of sensitive information."

Corley v. Dep't of Just., 998 F.3d 981, 985 (D.C. Cir. 2021) (internal citations omitted) (quoting Brice, 643 F.3d at 794, 797). Accordingly, Muhammad fails to demonstrate that he is entitled to any relief on his July 26, 2021 Written Demand or other demands for information pertaining to the victim.

### IV. Muhammad's Remaining Requests

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second

5

or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir.

6

2001)); see United States v. Sessoms, 488 F. App' x 737, 738 (4th Cir. 2012) (construing petition filed under 28 U.S.C. § 1651(a) as a successive § 2255 motion). Therefore, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Here, in his Motion for Sanctions, Plain Error Motion, January 4, 2022 Written Demand and Motion for Dismissal, and Motion for Immediate Dismissal, Muhammad insists that defects in his criminal proceedings, such as the Government permitting the victim to lie under oath, see Napue v. Illinois, 360 U.S. 264 (1959), entitle him to immediate release. As such his motions fall within the ambit of 28 U.S.C. § 2255(a)[3] and must be construed as successive 28 U.S.C. § 2255 motions. Gonzalez v. Crosby, 545 U.S. 524, 530-

---

[3] The pertinent statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). The Court has not received authorization from the Fourth Circuit to entertain Muhammad's successive requests for 28 U.S.C. § 2255 relief.

The Clerk will be directed to assign a separate civil action number for each of the following motions: Motion for Sanctions, Plain Error Motion, January 4, 2022 Written Demand and Motion for Dismissal, and Motion for Immediate Dismissal. These actions will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Muhammad.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 22, 2022